IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WERNER ENTERPRISES, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 1:21-cv-02667-VMC |
| DAVID WIRE, PHILLIP MITCHELL and AJC LOGISTICS, LLC, | |
| Defendants. | |

**DEFENDANT'S SUPPLEMENTAL BRIEF**
**IN RESPONSE TO THE COURT'S MAY 22, 2023 ORDER**

COMES NOW Defendants AJC Logistics, LLC ("AJC Logistics"), David Wire ("Wire"), and Phillip Mitchell ("Mitchell")(collectively "Defendants"), by and through its undersigned counsel, and hereby file this Supplemental Brief in response to the Court's Order of May 22, 2023 (the "Order"). In summary, Nebraska does not have a statute governing restrictive covenants in employment contracts; however, the doctrine of *lex loci contractus* is not applicable because the subject Proprietary Matters Agreement includes a valid choice of law provision. *Lex loci contractus* applies only where such a choice of law provision does not exist. Because a valid choice of law provision does exist here, Nebraska law should apply, and as set forth

1

in Defendants' Motion, the Proprietary Matters Agreement is invalid and unenforceable under Nebraska law.

## SUMMARY OF RELEVANT FACTS

Plaintiff seeks to enforce a Proprietary Matters Agreement (the "Agreement") against both of the individual defendants, David Wire and Phillip Mitchell. These Agreements each contain an identical choice of law provision selecting Nebraska as the law to govern the contract. Specifically, the Agreement provides:

> 5.    Governing Law; Consent to Personal Jurisdiction. This Agreement shall be construed and enforced in accordance with the laws of the State of Nebraska. Each of the parties irrevocably consent to the exclusive personal jurisdiction of the federal and state courts located in Omaha, Nebraska, as the sole of Werner Enterprises' headquarters, as applicable, for any matter arising out of or relating to this Agreement, except that, in actions seeking to enforce any order or judgment of such federal or state courts located in Nebraska, such personal jurisdiction shall be nonexclusive.

*See* Exhs. A & B to Pl.'s Sec. Am. Compl. The Agreements were executed by each of the individual defendants on one hand and Stefanie K. Christensen, Plaintiff's Vice President of Human Resources, on the other hand. *Id.* Ms. Christensen is based in Omaha, Nebraska at Plaintiff's headquarters.

Plaintiff filed suit in this Court seeking to enforce provisions of the Agreements against individual defendants Wire and Mitchell. Plaintiff's decision to

file in the Northern District of Georgia lies in direct contradiction to the Agreement's clear provision that <u>only</u> Nebraska courts have jurisdiction over claims between Wire, Mitchell, and Plaintiff regarding the agreements.

## ARGUMENT/AUTHORITY

**A. *Lex loci contractus* does not apply because the Agreement includes a choice of law provision.**

The doctrine of *lex loci contractus* applies only where a valid choice of law provision <u>does not</u> exist. *See Lima Delta v. Glb Aerospace*, 789 S.E.2d 230, 235 (Ga. App. 2016)("In contract actions such as this one, **<u>where the contract contains no choice of law provision</u>**, Georgia applies the rule of *lex loci contractus*)(emphasis supplied); *see also Travelers Prop. Cas. Co. of Am. v. TT Club Mut. Ins. Ltd.*, No. CV419-231, 2022 WL 988001, at *6 (S.D. Ga. Mar. 31, 2022)("To decide which state law applies to the interpretation of a contract, if the "contract contains no choice of law provision, Georgia applies the rule of *lex loci contractus*.").

In contrast, cases cited by the Court do not involve contracts with choice of law provisions. In each of those instances, the courts were left to determine which state's law governed precisely because there was no governing choice of law provision in the relevant contracts. *See Frank Ciscoe Co., Inc. v. Georgia Sprinkler*

*Co., Inc.*, 713 F.2d 1500 (11th Cir. 1983)(involving an insurance contract without a choice of law provision); *Coon v. Medical Center, Inc.*, 797 S.E.2d 828 (Ga. 2017)(addressing which state laws apply to a tort claim and the application of *lex loci delicti*); *Calhoun v. Cullum's Lumber Mill, Inc.*, 545 S.E.2d 41 (Ga. Ct. App. 2001)(addressing a sale of lumber without a signed contract and thus no choice of law provision).

In sum, where the contract makes clear that the parties intended for the law of one state to apply via a choice of law provision, Georgia courts apply the law of the forum selected by the parties. Only in the absence of such a clear intent, does *lex loci contractus* apply. Here, the Agreement includes a clear provision selecting Nebraska law meaning the Court does not need to apply the doctrine of *lex loci contractus*.

## B. Georgia courts regularly enforce choice of law provisions.

Absent a contrary public policy, Georgia courts will enforce a contractual choice of law clause such as the one included in the Agreement. *See Greensboro Ford, Inc. v. Ford Motor Co.*, 568 S.E.2d 758 (Ct. App. 2002); *Carr v. Kupfer*, 296 S.E.2d 560, 562 (Ga. 1982). In the parties' prior briefings on this issue, Plaintiff has not and cannot cite to any provision of Nebraska law that contravenes Georgia public policy.

As a result, the parties' choice of law provision should govern and Nebraska common law applied. As previously set forth in Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 63) and Reply in Further Support of Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 69), the Agreement is not enforceable under Nebraska law because there was no proper consideration for the agreement and because there is no temporal limitation on the restrictions set forth in the Agreement.

### C. Severability

The confidentiality portion of the Agreement cannot be severed from the remaining portions of the Agreements for two reasons. First, the entire Agreement is void and unenforceable because the entire agreement lacked proper consideration. *See Blinn v. Beatrice Community Hosp. & Health Ctr.,* 708 N.W.2d 235, 245 (Neb. 2006)(stating that a contract requires offer, acceptance, and consideration furnished for its enforceability); *Middagh v. Stanal Sound Ltd.,* 382 N.W.2d 303, 307 (Neb. 1986)("We have approved the proposition that 'consideration is an essential element to the validity of a contract.'") Actual consideration is therefore relevant to whether an enforceable contract was formed. *Irwin v. W. Gate Bank*, 848 N.W.2d 605, 610 (Neb. 2014). As set forth in Defendants' prior filings, Plaintiff failed to provide proper consideration to Defendants Wire and Mitchell in exchange for the

restrictions set forth in the Agreement. As a result, the entire contract is void and unenforceable.

Moreover, Nebraska law does not provide for blue-penciling, or modification, of a restrictive covenant in order to make the agreement enforceable. As the Supreme Court of Nebraska recently summarized:

> We turn first to severability. This court has long held that it is not the function of the courts to reform a covenant not to compete in order to make it enforceable. We have declined to apply the blue pencil' rule, which allows for the reformation of covenants to make them enforceable, stating that we must either enforce [a covenant] as written or not enforce it at all." We have found that reformation is tantamount to the construction of a private agreement and that the construction of private agreements is not within the power of the courts.

*Unlimited Opportunity, Inc. v. Waadah*, 861 N.W.2d 437, 441 (Neb. 2015)(internal citations and quotations omitted).

Finally, even if the unenforceable provisions of the Agreement could be separated from the remainder of the Agreement, Plaintiff seeks to enforce the only substantive provision of the Agreement, paragraph 1. *See* Pl.'s Sec. Am. Compl. ¶¶ 36-38, 56-68. Thus, even if Paragraph 1 could be severed from the remaining portions of the Agreement, Plaintiff does not have any remaining claims based on other provisions of the Agreement.

## CONCLUSION

For the foregoing reasons and for all of the reasons set forth in Defendants'

Motion to Dismiss Plaintiff's Second Amended Complaint and Reply in Further

Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint,

Defendants respectfully request that this Court GRANT its Motion and dismiss

Plaintiff's causes of action for violations of the GTSA, DTSA, breach of duty of

loyalty as to customers, tortious interference with a contract against AJC Logistics,

civil conversion, and common law conspiracy.

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that the foregoing has been prepared in Times

New Roman font, 14-point type, which is one of the font and point selections

approved by the Court in Local Rule 5.1(B).

 Respectfully submitted this 5th day of June, 2023.

/s/ John L. Monroe, Jr.
_____
John L. Monroe, Jr.
Georgia Bar No. 516190
jmonroe@fordharrison.com
Leslie B. Hartnett
Georgia Bar No. 236877
lhartnett@fordharrison.com

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363
Telephone: 404-888-3800
Facsimile:  404-888-3863

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WERNER ENTERPRISES, INC.,

       Plaintiff,

    v.

DAVID WIRE, PHILLIP MITCHELL,
and AJC LOGISTICS, LLC,

       Defendants.

CIVIL ACTION NO.
1:21-cv-02667-VMC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5th, 2023, a true and correct copy of the foregoing **DEFENDANT'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S MAY 22, 2023 ORDER** was electronically filed with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to the following attorneys of record:

John R. Hunt
William B. Gerwig
Stokes Wagner
One Atlantic Center, Suite 2615
1201 West Peachtree Street
Atlanta, Georgia  30309

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363
Telephone: 404-888-3800
Facsimile:  404-888-3863

WSACTIVELLP:14047726.1

*/s/ John L. Monroe, Jr.*

John L. Monroe, Jr.
Georgia Bar No. 516190
jmonroe@fordharrison.com

*Attorney for Defendants*

8